UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM ABOUTAAM,<br><br>Plaintiff,<br><br>-against-<br><br>L'OFFICE FEDERAL DE LA CULTURE DE LA CONFEDERATION SUISSE, et al.,<br><br>Defendants.<br><br>LYNDA BEIERWALTES, and WILLIAM BEIERWALTES,<br><br>Plaintiff,<br><br>-against-<br><br>L'OFFICE FEDERAL DE LA CULTURE DE LA CONFEDERATION SUISSE, et al.,<br><br>Defendants. | Civ. Action No. 1:18 Civ. 08248 (RA-BCM)<br><br><br><br><br><br>Civ. Action No. 1:18 Civ. 11167 (RA-BCM) |

## DECLARATION OF HANS GEORG NUSSBAUM

Hans Georg Nussbaum, pursuant to 28 U.S.C. § 1746, declares:

1       I am a Swiss attorney, educated at the University of Berne, and was admitted to the Swiss bar in 1984. I have been head of the Law Section of the L'Administration federale des douanes de la Confederation Suisse ("Swiss Federal Customs Administration") since 1998. I am not directly involved in the criminal administrative procedures discussed below.

2       The L'Administration fédérale des douanes de la Confederation Suisse ("Swiss Federal Customs Administration") is a Directorate of the Swiss Finance Department (Département

1

fédéral des finances) and an integral part of the Swiss Federal Government. The Swiss Federal Office of Culture is part of the Federal Department of Home Affairs (Département fédéral de l'intérieur), and also an integral part of the Swiss Federal Government. Neither is separately incorporated, and both operate under the general supervision of the Swiss Federal Council, which is the head of the Executive Branch of the Swiss Federal Government. They do not have a legal identity separate from that of the Swiss Confederation.

3       Unless qualified for an exception, all articles imported into Switzerland must be declared for assessment of customs duties and value added tax (VAT) pursuant to Articles 21 and 25 of Loi sur les douanes du 19 mars 2005) (the Customs Act of 18 March 2005 ("Customs Act") (SR 631.0). Exhibit 1. In accordance with Articles 50-53 of the Loi fédérale régissant la taxe sur la valeur ajoutée du 12 juin 2009 (Federal Act on Value Added Tax of 12 June 2009) ("VAT Act") (SR 641.20), the customs law applies to the collection of VAT on imports. Exhibit 2.

4       Pursuant to Article 62 of the Customs Act, imported items may be stored in a customs bonded warehouse without payment of duties and VAT, pending export to other countries. If the items are withdrawn for use or sale within Switzerland, or not exported within the time limit of the temporary admission, they must be declared to the customs authorities and payment of duties and taxes is immediately due. Exhibit 1.

5       The Federal Customs Administration is authorized to take enforcement actions against persons suspected of evading customs and tax law obligations pursuant to Article 128 of the Customs Act (Exhibit A) and Article 103 of the VAT Act (Exhibit 2). As prosecuting authority, the Federal Customs Administration applies the Loi fédérale sur le droit pénal administrative (DPA) du 22 mars 1974 (Federal Act on Administrative Criminal Law of 22 March 1974) (SR 313.0). The DPA, among other authorities, allows for the imposition of compulsory measures

such as seizures, search warrants, and the provisional detention or arrest of a person (see art. 45-60 DPA) (Exhibit 3.)

6 A seizure is authorized if an item is needed as an evidence (art. 46. 1 DPA), to prevent another crime or to secure a lien (art. 46. 2 DPA) (Exhibit 3.) According to Article 82 of the Customs Act, the Swiss Confederation has a lien on goods subject to customs duties and VAT. A seizure under the Customs Act can be lifted after payment of the customs duties and VAT (see art. 84 of the Customs Act) (Exhibit 1). A seizure under the DPA is lifted when the lien is no longer necessary (art. 92.1 DPA) (Exhibit 3).

7 When a formal administrative criminal proceeding has been initiated, as in this case, a seizure by the Federal Customs Administration is subject to appeal to the Federal Criminal Court (see art. 26 DPA) (Exhibit 3).

8 As described in the customs lien seizure order, File No. 71-2016.19036, the Federal Customs Administration ordered a seizure of 111 objects of art and a marble statue on 28 February 2017, all located at the home of Ali and Biliana Kirilova Aboutaam in Geneva, based on suspicion that they were imported without payment of VAT.

9 More specifically, the items at issue were initially stored in a customs bonded warehouse and then had been withdrawn at the request of Phoenix Ancient Art SA, using the customs procedure of temporary admission, in order to be sold. However, the items were not sold, and there is no evidence that they were ever offered for sale. Instead, they were placed in the home of Mr. Ali Aboutaam in Geneva. Exhibit 4.

10 The seizure order directed that the objects and statue remain at the Aboutaams' home, and prohibited them from disposing of the articles. As far as the Federal Customs Administration

is aware, all of the objects subject to the seizure order remain at the Aboutaams' home in Geneva.

11      Of the 18 items listed in the Beierwaltes' Complaint, as far as the Federal Customs Administration is aware, only one was located at the Aboutaam's residence and therefore is subject to the seizure order by the Federal Customs Administration. This item is described in the Complaint as "A terracotta pair of protomes of Greek origin". This artwork (comprised of two heads carved from terracotta) was was identified with the code TR.PRO.009 by the Swiss importer. Exhibit 4.

12      The Federal Customs Administration sent a formal communication to Mr. Ali Aboutaam and his attorney on 7 November 2018 assessing the VAT on this item in the amount of 6'400 Swiss Francs, plus interest of 1'309.15 Swiss francs, totaling 7'709.15 Swiss francs, based on the declared value of the artwork of 80'000 Swiss francs. Exhibit 4. This decision has been appealed on December 14, 2018 to the Federal Customs Administration, based on article 116 para $1^{bis}$ of the Customs Act. The appeal is still pending. If the VAT were paid, the seizure by the Federal Customs Administration on this item would be lifted. Any seizure order of the Public Prosecutor's Office of Geneva that may apply to this same item would have be addressed separately with that authority.

13      The Aboutaam Complaint does not identify the artworks over which Mr. Hicham Aboutaam claims ownership, but it appears he does not assert ownership of any of the items that are covered by seizure order No. 71-2016.19036.

14      The Beierwaltes and Hicham Aboutaam are not the directly accused persons in Switzerland. They are nonetheless able to intervene in the Federal Customs Administration proceedings in Switzerland to assert ownership over particular items and pay the VAT that is

4

owed, if they can establish they are the legal owners of the items seized by the Federal Customs Administration.

15     Administrative criminal procedures for violations of the customs law are administered exclusively by the Federal Customs Administration. The Federal Office of Culture has neither the power of criminal investigation nor the power of seizure. Pursuant to article 27 of the Cultural Property Transfer Act, the Swiss Cantons, including the Canton of Geneva, are responsible for prosecuting and assessing criminal activities pursuant to that Act. The Federal Office of Culture has no authority to direct prosecutions or to give orders to the criminal prosecution authorities under the Cultural Property Transfer Act.

16     Items covered by the seizure order of the Federal Customs Administration were also covered by a seizure ordered by the Public Prosecutor's Office of Geneva. The actions of the Public Prosecutor's Office in Geneva are parallel but legally independent of the actions of the Federal Customs Administration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of January 2019 in Bern, Switzerland

_____
Hans Georg Nussbaum