

**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com

Chrysler Center
666 Third Avenue
New York, NY  10017
212 935 3000
mintz.com

July 11, 2019

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:   *Aboutaam v. L'Office Federale de la Culture de la Confederation Suisse, et al.*, 18-cv-8248-RA; and *Beierwaltes v. L'Office Federale et al.*, 18-cv-11167-RA

Dear Judge Abrams:

On behalf of the Plaintiffs in these two related actions, we write to respond to a question you asked at oral argument on July 8, 2019, concerning international law, and to cite cases that you requested regarding discovery.

International Law

Your Honor asked a critical question: what international law has been violated?  The answer here: the violation of the generally recognized principle protecting against *arbitrary* seizures of property and, independently, a violation of the UNESCO Convention.

*First,* all of the cases cited by the parties regarding a taking of property in violation of international law recognize that there are certain rights that are inviolate, and that nations cannot transgress those rights.  This is so even without a particular international statute, treaty, or convention to measure whether a taking was in violation of international law (and as discussed below, we have one here anyway).  In other words, the term "international law" as used in the FSIA does not require a codified pronouncement of law; instead, it embraces the well-accepted doctrine that nations must respect property rights.  *Cf. Republic of Venezuela v. Helmerich & Payne,* 137 S.Ct. 1312, 1320 (2017) (FSIA "creates a doctrine that by and large continues to reflect basic principles of international law").  The decision in *Agudas Chasidei Chabad v. Russian Federation*, 528 F.3d 934 (D.C. Cir. 2008) is a good example: the plaintiff successfully laid claim to rare religious texts seized by a foreign nation without compensation, despite there being no specific international statutory prohibition against such seizures.

As the U.S. Congress recognized when it enacted the FSIA, "[t]he term 'taken in violation of international law' would include the nationalization or expropriation of property without payment of the prompt adequate and effective compensation required by international law. It

July 11, 2019 Letter to Hon. Ronnie Abrams
Page 2

would *also* include takings which are *arbitrary* or discriminatory in nature." H.R. Rep. No. 94-1487, at 19-20 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6614 (emphasis added). Indeed, counsel for the Swiss defendants conceded that certain seizures would violate international law despite there being no specific law that was transgressed.  July 8, 2019 Tr. at 6 ("let's say the President of the country likes your car and just wants to take it, that's not okay").

So the concept of an international law violation can rest on the foreign sovereign acting in ways that international law could not condone – in other words, arbitrarily.  Here, for various reasons mentioned in our briefing and at argument, the wholesale seizure of 12,000 pieces based on suspicions of only 7 pieces *and* without any effort to check whether the Swiss law adopting UNESCO applied to such pieces (*i.e.,* (i) post 2005 acquisition; (ii) post 2008 bilateral nation request etc.); (iii) improper shifting of burden by requiring property owner to prove ownership of pieces; (iv) holding pieces for 2½ years;  and (v) not compensating Hicham for the theft of certain priceless items under Swiss control) are actions so arbitrary as to transgress international law.

*Second,* and as an independent ground, the actions by the Defendants in our case also violated a specific international law: the UNESCO Convention, which is unquestionably international law.  *See, e.g., Flores v. Southern Peru*, 414 F.3d 233 ("treaties, conventions, and covenants . . . are proper evidence of customary international law to the extent that they create legal obligations among the States parties to them.")  The seizure of Plaintiffs' property in Geneva was for purposes of returning the property to another state party to the Convention.  But none of the seized property (and the defendants have not disputed this) has been (a) designated by any state as constituting "cultural property," as defined in article 1 to the Convention, or (b) requested by any state under article 7 to the Convention – the essential predicates for UNESCO-based seizures. No clearer violation of international law could occur.

Discovery

Your Honor asked whether any court has ordered jurisdictional discovery on "the question of whether a subdivision of a foreign government is the foreign state itself or an agency or instrumentality."  Several have.  *Funk v. Belneftekhim*, 861 F.3d 354, 367 (2d. Cir. 2017), held there was "no abuse of discretion in the district court's decision to order limited jurisdictional discovery as to BNTK's 'ownership and structure'" where BNTK allegedly was an organ of Belarus. In *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449, 453 (D.C. Cir. 1990) (cited in support of our application for discovery), the court remanded for fact-finding "on the degree of control exerted by Iran over Pak Dairy and over the shareholder entities that Foremost alleges are government controlled," and the court recognized that discovery would be needed.  *Cf. Janvey v. Libyan Investment Authority*, 840 F.3d 248, 256 (5th Cir. 2016) ("[t]he parties conducted jurisdictional discovery regarding whether LFIA and LFICO [two Libyan entities] engaged in activities that fall within the scope of …. the FSIA.")

July 11, 2019 Letter to Hon. Ronnie Abrams
Page 3

        Respectfully submitted,

        /s/ Kevin N. Ainsworth

        Kevin N. Ainsworth

        /s/ Peter A. Chavkin

        Peter A. Chavkin

        *Attorneys for Hicham Aboutaam*

        **Joining in this submission**

        /s/ Nathaniel Z. Marmur
        Nathaniel Z. Marmur
        *Attorney for Plaintiffs Lynda and William Beierwaltes*

cc:    Counsel of Record (via ECF)